UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GLEN A. TAYLOR,

    Plaintiff,

 v.              CAUSE NO. 3:19-CV-652 DRL-MGG

HENRY COUNTY JAIL *et al.*,

    Defendants.

## OPINION AND ORDER

 Mr. Glen A. Taylor, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

 Mr. Taylor alleges that he received inappropriate medical treatment for a skin infection at the Henry County Jail during the summer 2017. He further alleges that Westville Correctional Facility officials are currently requiring him to work as a plumber in the presence of asbestos without adequate protective gear. For these injuries, he seeks money damages.

 The complaint contains unrelated claims against several different parties. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim

# 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

The incidents described in the complaint neither arise from a single transaction or occurrence nor comprise a series of interrelated transactions or occurrences. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same). Instead, these alleged incidents involve different state actors committing different types of misconduct at different locations at different times. Therefore, Mr. Taylor's claims are unrelated, and he cannot litigate them all in a single lawsuit.

When a *pro se* plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. However, that practice is not appropriate here because Henry County is within the geographic boundaries of the United States District Court for the Southern District of Indiana. Consequently, Mr. Taylor may not pursue his claim against the Henry County defendants in this court. *See* 28 U.S.C. § 1406(a) (allowing the court to dismiss for improper venue).

For the remaining claim, Mr. Taylor asserts an Eighth Amendment conditions of confinement claim against the Westville Correctional Facility. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). While Mr. Taylor may be able to assert a valid Eighth Amendment

claim regarding the conditions of his confinement, he has not named a proper defendant. The Westville Correctional Facility is where the alleged events occurred, but it is a building, not an individual or a policymaking unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. Taylor may not proceed on this complaint.

That said, Mr. Taylor may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant at the Westville Correctional Facility in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Glen A. Taylor until **September 30, 2019** to file an amended complaint consistent with this opinion; and

(2) CAUTIONS Glen A. Taylor that, if he does not respond by that deadline, this case may be dismissed without further notice.

SO ORDERED.

August 29, 2019         *s/ Damon R. Leichty*
                        Judge, United States District Court